UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

SHAYNE M. HILDRETH,

          Defendant.

REPORT AND RECOMMENDATION

21-CR-105-LJV-JJM

---

Defendant Shayne Hildreth is charged in a two-count Indictment [19][1] with transportation and possession of child pornography. Before the court is Hildreth's motion [33] to suppress evidence obtained from his cell phone and statements made to law enforcement, which has been referred to me by District Judge Lawrence J. Vilardo for initial consideration [21].[2]

In his September 20, 2023 Decision and Order ("D&O") [123], Judge Vilardo declined to adopt my January 18, 2023 Report and Recommendation ("R&R") [96] concerning suppression of evidence, and referred the case back to me for consideration of suppression "on grounds not addressed in the R&R . . . including with respect to the legality of the traffic stop and the admissibility of Hildreth's statements to law enforcement". D&O [123] at 23-24. Although I invited the parties to "submit any new caselaw for the court's review" [126], neither party has done so. At oral argument on November 13, 2023 [131], the parties rested on their prior submissions and the October 6, 2022 oral argument [130].

---

[1]     Bracketed references are to CM/ECF docket entries, and page references are to CM/ECF pagination.

[2]     Although the motion also sought other forms of relief, those issues have been resolved. Transcript of oral argument [130] at 61.

Familiarity with the factual summary and legal conclusions set forth in Judge Vilardo's D&O is presumed. For the following reasons, I recommend that Hildreth's motion be denied.

## DISCUSSION

**A.     Was the Stop of Hildreth's Vehicle Justified?**

"[T]he Fourth Amendment permits an officer to initiate a brief investigative traffic stop when he has a particularized and objective basis for suspecting the particular person stopped of criminal activity . . . . Although a mere 'hunch' does not create reasonable suspicion, the level of suspicion the standard requires is . . . obviously less than is necessary for probable cause." Kansas v. Glover, 589 U.S.___, 140 S. Ct. 1183, 1187 (2020).

"Because it is a less demanding standard, reasonable suspicion can be established with information that is different in quantity or content than that required to establish probable cause . . . . The standard depends on the factual and practical considerations of everyday life on which *reasonable and prudent men*, not legal technicians, act." Id. at 1188 (emphasis in original). "The reasonable suspicion standard . . . require[es] only facts sufficient to give rise to a reasonable suspicion that criminal activity *may* be afoot." United States v. Santillan, 902 F.3d 49, 56 (2d Cir. 2018) (emphasis in original).

Judge Vilardo concluded that "there was probable cause to believe that illegal child pornography would be found on Hildreth's phone: M.H. said not only that she had seen such material on the phone but also that Hildreth had in fact abused her." D&O [123] at 21-22. In light of that conclusion, and since it is highly unlikely that Hildreth would drive from New

-2-

York to Missouri without having the phone with him, "reasonable and prudent men" (or women) could conclude "that criminal activity *may* be afoot" - namely that Hildreth himself was at that time in possession of the child pornography on his cell phone. "Reasonable suspicion is an objective standard; hence, the subjective intentions or motives of the officer making the stop are irrelevant." United States v. Bayless, 201 F.3d 116, 133 (2d Cir. 2000). Therefore, I conclude that the stop of Hildreth's vehicle was justified.

B.  **Was the Warrantless Seizure of Hildreth's Cell Phone Justified?**

"While searches and seizures conducted without a warrant are presumptively unreasonable . . . several exceptions to the warrant requirement have been fashioned when circumstances demand an immediate police response." United States v. McCargo, 464 F.3d 192, 196 (2d Cir. 2006). The government argues that the seizure of Hildreth's cell phone was justified "pursuant to the plain view doctrine and to preserve evidence". *See* Government's Post-Hearing Memorandum [72], Point II(C).

The latter argument is unpersuasive. "Because Government bears the burden of proving the existence of exigent circumstances, it must ordinarily introduce evidence on the availability of a telephonic warrant and on the time required to obtain one." United States v. Cattouse, 666 F. Supp. 480, 485 (S.D.N.Y. 1987), aff'd, 846 F.2d 144 (2d Cir. 1988). Although Corporal Derrick Henson admitted that telephonic warrants could be applied for if the property to be searched was within the jurisdiction (hearing transcript [55] at 153, 193-94), the government did not explain why it could not have obtained that warrant before seizing the phone.

-3-

The government's reliance on the "plain view doctrine" requires it to demonstrate that at the time police seized the cell phone they were "lawfully in a position from which they view[ed]" it, that "its incriminating character [was] immediately apparent", and that they had "a lawful right of access" to it. Minnesota v. Dickerson, 508 U.S. 366, 375 (1993). Clearly the first condition was satisfied: Corporal Henson testified that he observed the cell phone "in plain view in the center console area of the vehicle". Hearing transcript [55] at 91. The second condition was also satisfied: "'[i]mmediately apparent' requires only that the police officers have probable cause to believe that the object they are viewing is contraband or evidence of a crime". United States v. Deakins, 2023 WL 181089, *2 (E.D. Tenn. 2023), citing Texas v. Brown, 460 U.S. 730, 741-42 (1983).

The third condition requires a showing that police were entitled to be inside the vehicle at the time they seized the phone. The government argues that Corporal Henson obtained Hildreth's voluntary consent to search the vehicle before he seized the phone. *See* Government's Post-Hearing Memorandum [72], Point II(B). For the reasons discussed therein, I agree.

While Hildreth argues that he was illegally detained, the stop of his vehicle was justified, and "[w]here reasonable suspicion exists for a Terry stop [Terry v. Ohio, 392 U.S. 1 (1968)], a person may be ordered to exit a vehicle". Diehl v. Munro, 170 F. Supp. 2d 311, 318 (N.D.N.Y. 2001). Although he was not free to leave the area and was not advised of his right to refuse consent, these factors are not dispositive as to whether his consent to search the vehicle was voluntarily given. *See* Government's Post-Hearing Memorandum [72] at 12.

Corporal Henson testified that he asked Hildreth "*do you mind* if I look through the vehicle just to make sure there's nothing illegal in there. Mr. Hildreth said that was okay.

Hearing transcript [55] at 96 (emphasis added). That question was not coercive, and "[s]o long as the police do not coerce consent, a search conducted on the basis of consent is not an unreasonable search." United States v. Garcia, 56 F.3d 418, 422 (2d Cir. 1995).

While Hildreth's Affirmation states that he did not consent to a search of his vehicle until *after* his phone had already been seized ([33-1], ¶6), Corporal Henson testified that he did not enter the vehicle and seize the phone until Hildreth had consented to the search. Hearing transcript [55] at 96. I credit his testimony over Hildreth's. *See* United States v. Riedman, 2014 WL 713552, *16 (W.D.N.Y. 2014) (giving defendant's affidavit less weight than the testimony of government witnesses who were subject to cross-examination). Therefore, I conclude that Hildreth's cell phone was properly seized.

### C.    Should Hildreth's Statements be Suppressed?

Hildreth has given me no reason to reconsider my recommendation that his statements not be suppressed. *See* my Report and Recommendation [96] at 10-11.

### CONCLUSION

For these reasons, I recommend that the remainder of Hildreth's motion [33] be denied. Unless otherwise ordered by Judge Vilardo, any objections to this Report and Recommendation must be filed with the clerk of this court by December 27, 2023. Any requests for extension of this deadline must be made to Judge Vilardo.  A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 59(b)(2) of this Court's Local Rules of Criminal Procedure, "[w]ritten objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority", and pursuant to Local Rule 59(b)(3), the objections must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge". Failure to comply with these provisions may result in the district judge's refusal to consider the objection.

Dated: December 13, 2023

/s/Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge